# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MURSJONI NAIEEM MOTON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JEFFREY BEARD,<br><br>　　　　Respondent. | Case No.:1:13-cv-00981-SAB (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 1) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States magistrate judge.  Local Rule 305(b).

Petitioner filed the instant petition for writ of habeas corpus on May 15, 2013, in the United States District Court for the Central District of California.  The petition was transferred to this Court on June 26, 2013.

Petitioner challenges the calculation of his custody credits.  Petitioner argues that pursuant to the plea agreement in his underlying criminal case he is entitled to earn 50 percent (one-to-one day) custody credit because the sentence on the great bodily injury enhancement was stayed.

# I.

# DISCUSSION

## A.  Procedural Grounds for Dismissal

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Where a petitioner files his federal habeas petition after the effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), he can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of [the Supreme] Court." Harrington v. Richter, __ U.S. __, 131 S.Ct. 770, 785 (2011) (citing 28 U.S.C. § 2254(d)(1) and Williams v. Taylor, 539 U.S. 362, 412 (2000). Habeas relief is also available if the state court's decision "involved an unreasonable application" of clearly established federal law, or "was based on an unreasonable determination of the facts" in light of the record before the state court. Richter, 131 S.Ct. 785 (citing 28 U.S.C. § 2254(d)(1), (d)(2)).

## B.  Failure to State Cognizable Claim

Petitioner contends that because his sentence on the great bodily injury conviction was "stayed," he is not limited to earning 15 percent of credit earning pursuant to California Penal Code section 2933.1.

California Penal Code section 2933.1, subdivision (a), provides in pertinent part that any person who is convicted of a violent felony offense, as listed in subdivision (c) of section 667.5, shall accrue no more than 15 percent of "worktime" credit.  Personally causing great bodily injury during the commission of a felony, as charged and proved as provided for in section 12022.7, is deemed to be a violent felony.  (Cal. Penal Code §§ 667.5(c)(8), 12022.7, subd. (a).)

Although execution of the sentence for Petitioner's credit-limiting offense was stayed, he is still "convicted" of that offense.  See e.g., In re Pope, 50 Cal.4th 777, 784 (2010).  Indeed, the transcript of Petitioner's plea supports such finding.   While accepting Petitioner's plea, it was specifically stated:

> [Prosecutor]: [Petitioner], as to the charge in count 1 of [the] felony complaint TA115063, a violation of Penal Code section 273.5(A), and that's corporal injury to a spouse, cohabitant or child's parent, and that's a felony, how do you plead to that charge?
>
> [Petitioner]: No contest, ma'am.
>
> [Prosecutor]: And do you understand that your no contest plea will be treated the same as a guilty plea in this court?
>
> [Petitioner]: Yes, ma'am.
>
> [Prosecutor]: Do you further admit, sir, that in violation of Penal Code section 12022.7(E) that the commission of the offense personally inflicted great bodily injury upon Melinda Daniels, and that's in circumstances involving domestic violence?
>
> Do you further admit that, sir?
>
> [Petitioner]: Yes, ma'am.

(Ex. A, to Petition.)  The trial court sentenced Petitioner to the upper term of four years for the corporal injury conviction, and stayed the sentence on the great bodily injury conviction.  (Id.) Petitioner's contention that the great bodily injury allegation was stricken is completely belied by the record attached to the instant petition.  Furthermore, Petitioner pled no contest in 2010, and his plea agreement made no express reference or guarantee regarding the rate by which he would earn good time credits while in custody.   (See Ex. A. to Petition.)  In sum, Petitioner is clearly a petitioner who is "convicted" of a qualifying felony within the meaning of section 2933.1(a), and the state courts'

determination of this issue was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

### C. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 cases requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. The requirement that a petitioner seek a certificate of appealability is a gate-keeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues, while at the same time affording petitioners an opportunity to persuade the Court that, through full briefing and argument, the potential merit of claims may appear. Lambright v. Stewart, 220 F.3d 1022, 1025 (9th Cir. 2000). However, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

1    This Court will issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find it debatable that Petitioner has failed to show an entitlement to federal habeas corpus relief. Accordingly, the Court declines to issue a certificate of appealability.

## II.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus be DISMISSED;
2. The Clerk of Court be directed to terminate this action; and
3. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: __July 12, 2013__                    _____
                                             UNITED STATES MAGISTRATE JUDGE

5