**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MURSJONI NAIEEM MOTON, | ) Case No.:1:13-cv-00981-SAB (HC) |
| Petitioner, | ) |
| | ) ORDER DENYING PETITIONER'S MOTION |
| | ) FOR RECONSIDERATION PURSUANT TO |
| v. | ) RULE 60(b) OF THE FEDERAL RULES OF |
| | ) CIVIL PROCEDURE |
| JEFFREY BEARD, | ) |
| | ) (ECF No. 15) |
| Respondent. | ) |
| _____ | ) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on July 5, 2013.  Local Rule 302.

On July 12, 2013, the instant petition for writ of habeas corpus was dismissed, judgment was entered, and the Court declined to issue a certificate of appealability.

On May 20, 2014, the United States Court of Appeals for the Ninth Circuit denied Plaintiff's request for a certificate of appealability.

On August 4, 2014, Petitioner filed a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist.  Harvest v.

1

Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted).  The moving party

must demonstrate both injury and circumstances beyond his control.  Id. (quotation marks and citation

omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or

different facts or circumstances are claimed to exist which did not exist or were not shown upon such

prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were

not shown at the time of the prior motion."

A motion for reconsideration should not be granted, absent highly unusual circumstances,

unless the district court is presented with newly discovered evidence, committed clear error, or if there

is an intervening change in the controlling law, and it may not be used to raise arguments or present

evidence for the first time when they could reasonably have been raised earlier in the litigation.

Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009)

(quotations marks and citations omitted) (emphasis in original).

In the dismissal order, the Court found that Plaintiff's challenge to his credit earning status

pursuant to California Penal Code section 2933.1, was without merit on the face of the petition and

exhibits attached thereto.  The Court specifically found,

> The trial court sentenced Petitioner to the upper term of four years for the corporal
> injury conviction, and stayed the sentence on the great bodily injury conviction.  (Id.)
> Petitioner's contention that the great bodily injury allegation was stricken is completely
> belied by the record attached to the instant petition.  Furthermore, Petitioner pled no
> contest in 2010, and his plea agreement made no express reference or guarantee
> regarding the rate by which he would earn good time credits while in custody.  (See
> Ex. A. to Petition.)  In sum, Petitioner is clearly a petitioner who is "convicted" of a
> qualifying felony within the meaning of section 2933.1(a), and the state courts'
> determination of this issue was not contrary to, or an unreasonable application of,
> clearly established Supreme Court precedent.

(ECF No. 7, Order at 3.)

Petitioner's arguments fail to support his bid for reconsideration, as he has not shown that the

Court erred in its application of the law to the facts.  As stated in the Court's July 12, 2013, order, and

contrary to Plaintiff's contention, Rule 4 of the Rules Governing § 2254 Cases requires the Court to

make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a

petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to

relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Petitioner's motion fails to set forth any grounds entitling him to reconsideration of the order dismissing this action. Accordingly, Plaintiff's motion for reconsideration is HEREBY DENIED.


IT IS SO ORDERED.

Dated:   **August 13, 2014**

UNITED STATES MAGISTRATE JUDGE

3